Wyly, J.
Plaintiffs sued the defendant on his three promissory notes, amounting in the aggregate to $4073 47, and claiming a vendor’s privilege on the mules, and a furnisher of supplies’ lien on the crops raised on the Connor plantation during the year 1873, sequestered eight mules and eighty-eight bales of cotton.
On the twenty-third December, 1873, soon after the seizure, the defendant procured a release on bond of said property, Mrs. Lizzie Hamilton, the owner of said plantation, being one of the sureties on said bond. Subsequently, to wit: on May 12, 1874, Mrs. Hamilton filed a petition of intervention, alleging that she was the lessor of the Connor place; that the property sequestered was the crops grown on said plantation, and the movables thereon situated; that she had a lien on those crops as lessor superior to that of the plaintiffs’ lien for supplies; that she was surety on the release bond; that the writ of sequestration had illegally issued, for the reasons assigned in a motion to dissolve the same therewith presented and filed, tQ wit: for the reasons that the writ had issued without any affidavit, and that the order had been made by an incompetent judge; that she had been induced to become surety for the defendant by representations made to her by him to the effect that he did not owe the debt sued on; that a suit had previously been brought against him in the State of Mississippi by the same parties on the same cause of action ; that the writ of sequestration had been illegally obtained, and that, if she would go on his bond, he would ship her cotton to pay her lease; that, owing to his noncompliance with this agreement, and owing to a writ of provisional seizure obtained by her to secure her rights, the defendant had threatened to revenge himself upon her by allowing judgment to go by default against him in this suit, in order that he, being insolvent, she might be held liable on the release bond; that he had written a threatening letter to her to *240 that effect; that he had also written a letter to his counsel, dismissing him from his employment, and withdrawing all defense in this suit; that she liad reason to believe, and did believe, that the defendant had willfully, corruptly and maliciously corresponded with the plaintiffs or their representatives, agreeing to confess judgment, or permit the same to be taken by default, with a recognition of the validity and legality of the writ of sequestration, so as thereby to hold her liable on the release bond, and to force her to pay his debts, and in that manner to secure his revenge.
The relief she prayed for was, that her privilege as lessor be recognized as superior to that of plaintiffs; that she be allowed to file a motion to dissolve the sequestration on the grounds above mentioned, and that the court act on said motion, and dissolve the sequestration.
On second June, 1874, the intervenor filed a supplemental petition alleging’ that the plaintiffs and the defendant had conspired to perpetrate a fraud upon her; that in order to escape a criminal prosecution in the State of Mississippi, threatened to be instituted against him there by plaintiffs, the defendant had consented to let this case in Louisiana go by default, for the purpose of holdingher liable on the illegal release bond; that in execution of that agreement the counsel for plaintiffs had drawn up the answer which was copied by Bridewell, and filed by the counsel; that she has a direct interest in the suit as far as the sequestration was concerned, for the reasons above given.
To this intervention the plaintiffs excepted:
First — That the intervenor can not urge irregularities in the suit between the original parties, such as the insufficiency of the bond and oath on which the sequestration issued, nor can she plead any exception to dismiss the action.
Second — The intervenor can not, without the consent of plaintiffs, substitute herself in the place of defendant.
Third — The intervenor shows no sufficient cause for the intervention.
The exception was referred to the merits, and the plaintiffs answered the intervention. At the trial the court gave judgment for the plaintiffs and dismissed the intervention with costs. The intervenor alone has appealed.
There are several reasons why the judgment under review should remain undisturbed;
First — The intervenor has neither alleged nor proved that she is a creditor of the defendant, whose property was sequestered.
Second — If the intervenor had a lessor’s privilege, it should have been asserted before the property was released on bond.
Third — No fraud and collusion are shown between the plaintiffs and the defendant.
*241 Fourth — The intervenor can not urge irregularities in the suit, such as insufficiency of the bond or affidavit on which the sequestration issued. See 21 An. 118, and authorities there cited.
Judgment affirmed.
Rehearing refused.